1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

ROGER SINCLAIR WRIGHT, an individual,

Plaintiff,

v.

CHRISTOPHER GREGORIO, in his
individual and official capacity as a Seattle
Police Department Officer; MICHAEL
LARNED, in his individual and official
capacity as a Seattle Police Department
Officer; THE CITY OF SEATTLE, a
municipal corporation; and DOES 1-10,
inclusive,

Defendants.

Cause No.

**COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTIVE
RELIEF AND DAMAGES**

(DEMAND FOR JURY TRIAL)

Plaintiff Roger Sinclair Wright alleges upon personal knowledge and belief as to his own

acts, and upon information and belief (based on the investigation of counsel) as to all other

matters, as to which allegations Plaintiff believes substantial evidentiary support will exist after a

reasonable opportunity for further investigation and discovery alleges, as follows:

**PRELIMINARY STATEMENT**

1.  Roger Sinclair Wright ("Plaintiff") in his individual capacity, and by his undersigned

attorneys, bring this action for monetary damages, declaratory and injunctive relief against

COMPLAINT FOR DAMAGES– 1

Defendants, pursuant to the United States Constitution and Title 42 of the United States Code, and other applicable federal civil rights statutes. This action is brought to redress the deprivation under color of state law of Plaintiff's rights as secured by the United States Constitution and federal civil rights law by the City of Seattle and individual police officers employed by the Seattle Police Department, for violating Mr. Wright's civil and constitutional rights by subjecting him to illegal search and seizure, on or about November 29, 2006.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights)  and 28 U.S.C. § 2201. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper within the Western District of Washington pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

### Plaintiff

4.  Plaintiff Roger Sinclair Wright is an adult Black/African-American male.  Mr. Wright resides in Seattle, Washington, within this judicial district.

### Defendants

5. Defendant Christopher Gregorio is an individual residing in this judicial district. At all times relevant hereto, Defendant Gregorio was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Gregorio were done under color of the laws of

the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

6. Defendant Michael Larned is an individual residing in this judicial district. At all times relevant hereto, Defendant Larned was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Larned were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

7. Defendant City of Seattle is a governmental entity and a municipal corporation operating in this judicial district. Among its departments is the Seattle Police Department, which is responsible for traditional law enforcement activities within the City of Seattle.

8. Plaintiff does not know the true names or capacities of all the law enforcement officers and staff. These Defendants are sued herein under the fictitious names DOES 1 through 10, inclusive. Plaintiff is informed and believes, and on that basis alleges, that DOES 1 through 10 have knowledge and/or notice of the conduct, transactions and/or occurrences that form the basis of Plaintiff's allegations herein, officers, agents and/or employees of Defendants, City of Seattle and/or the City of Seattle Police Department.

9. All of the DOE Defendants are sued individually and in their official capacities. All John and Jane DOES are persons or entities who are currently Unidentified Law Enforcement Officer(s), herein identified as DOES until ascertained to Plaintiff, but who may be liable for the damages suffered by the Plaintiff as alleged herein. Plaintiff will amend this Complaint to state their true names and capacities when ascertained.

////

# STATEMENT OF FACTS

10. Mr. Wright was criminally charged and convicted of a crime based on the warrantless stop and search of his automobile by Defendants, on or around November 29, 2006.

11. After almost six years of legally contesting the conduct of Defendants under color of state law, Mr. Wright finally received confirmation of his constitutional injury on April 5, 2012 when the Washington Supreme Court ruled, in *State v. Wright* (consolidated with *State v. Snapp*), 275 P.3d 289 (Wash. 2012) that Defendants' search of Mr. Wright's vehicle violated his constitutional rights.

12. On November 29, 2006, Defendant Seattle police officer Christopher Gregorio was approaching the intersection with South Roxbury Street and Waters Avenue South.

13. At 4:45 p.m., as he approached Roxbury, Officer Gregorio saw Mr. Wright driving a car a block away on a parallel street, 59th Avenue South, driving north without his car headlights on.

14. Defendant Gregorio proceeded to follow Mr. Wright in his patrol car and later claimed it was for failing to have his headlights turned on even though the law did not require headlights at that time of the day, because he was not legally required to do so since less than half an hour had passed since "sunset occurred at 4:21 p.m." and the law did not require that headlights be turned on. Thus, Defendant Gregorio lacked reasonable suspicion or probable cause to stop Mr. Wright for a traffic infraction.

15. Defendant Gregorio immediately pulled in behind Mr. Wright's vehicle to stop Mr. Wright, while calling for a backup police officer to respond to the scene at the same time.

16. Mr. Wright did not try to evade the stop by Defendant Gregorio and immediately complied stopping his vehicle.

17.  Defendant Gregorio then approached Mr. Wright, the sole occupant of the car, and demanded his driver's license, registration, and proof of insurance.

18. Defendant Gregorio told Mr. Wright that he had stopped him, ostensibly due to Officer Gregorio's generalized concern and subjective belief that the entire area was a "hot spot" for car prowls and burglaries, is the type of generalized search strictly forbidden by the Fourth Amendment, as well as Article I, Section 22 of the Washington Constitution.

19. Mr. Wright was handcuffed and placed under arrest for possession of marijuana based on the Defendant Gregorio's claim there was a strong odor of marijuana coming from the car.

20. Upon Defendant Gregorio's arrest of Mr. Wright, he passed him off to Defendant Larned, the backup officer who responded to Defendant Gregorio's request for backup shortly after he had initiated contact with Mr. Wright.

21. Mr. Wright was placed in the back of a patrol car and questioned by Defendant Gregorio about the purported odor of marijuana in the car. However, at no point did Defendant Gregorio witness Mr. Wright smoking marijuana.

22. Mr. Wright was secured in the patrol car at the time the officer proceeded to search the car incident to arrest for evidence of the crime of arrest: possession of marijuana.

23. In the course of this intrusive search with the aid of a canine (K-9) unit, the officer located marijuana, MDMA, and a scale. During the entirety of this search, Wright was secured in the patrol car, so there were was no reasonable threat to officer safety or belief that evidence would be lost or destroyed.

24. Mr. Wright was subsequently convicted of two counts of possession of marijuana and MDMA following the denial of his motion to suppress evidence illegally obtained by Defendants' unconstitutional search and seizure of Mr. Wright and his vehicle. After Mr.

Wright's direct appeal to the Washington Court of Appeals, his convictions were upheld. Plaintiff Roger Wright then filed a motion for reconsideration in light of the United States Supreme Court decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L. Ed. 2d 485 (2009). The Court of Appeals again affirmed the trial court's rulings.

25. Mr. Wright then filed a petition for discretionary review to the Supreme Court of Washington. Upon which, the Washington Supreme Court specifically invalidated the search of Mr. Wright's vehicle by Defendants as unconstitutional and reversed Mr. Wright's convictions, on April 5, 2012; and the Court remanded Mr. Wright's case for further proceedings consistent with its ruling.

26.  As a result of the Defendants' illegal search and seizure  and wrongful conviction thereto, Mr. Wright has suffered substantial injury, including but not limited to, emotional distress, pain and suffering, humiliation, fear of incarceration, anxiety, depression, inability to sleep and loss of consortium. In short, the Defendants have directly caused the dramatic worsening of Roger Sinclair Wright's life.

27. Roger Sinclair Wright suffered and continues to suffer greatly from the stigma and publicity surrounding the occurrence, and the deprivation of Mr. Wright's civil rights that permeated this entire affair. In short, the Defendants have directly caused the dramatic worsening of Roger Sinclair Wright's life.

////

////

////

////

////

## MONELL ALLEGATIONS

28.  All Defendants and their respective officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, each respectively maintained or permitted one or more of the following official policies or customs:

      A.    Failure to provide adequate training and supervision to law enforcement officers with respect to constitutional limits on legal standards of making stops of vehicles;

      B.    Failure to provide adequate training and supervision to law enforcement officers with respect to constitutional limits on legal standards of conducting searches of vehicles;

      C.    Failure to provide adequate training and supervision to law enforcement officers to prevent officers from the unconstitutional use of race, ethnicity and color in selecting suspects for investigating and enforcement of the law; i.e., racial profiling.

29.  Based upon the principles set forth in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978*)*, all Defendants, respectively, are each liable for all injuries sustained by Plaintiff Roger Sinclair Wright as set forth herein. The liability of the Defendants arises from the fact that the Defendants' policies and customs were a direct and legal cause of the damages of Mr. Wright.

30.  The deliberate indifference to the deprivation of the Plaintiff's rights by the Defendants is so closely and proximately related to injuries suffered by Plaintiff as to be the moving force that caused said injuries, as detailed herein.

31.  Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure- PERSON**
**(42 U.S.C. § 1983)**
**(By Plaintiff Against All Defendants)**

32.  Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

33.  Defendants, acting under color of state law and in concert with one another, stopped, searched, seized and arrested plaintiff Roger Sinclair Wright without reasonable suspicion or probable cause in violation of the Fourth Amendment guarantee against unreasonable searches and seizures.  Those actions give rise to Plaintiff's claims pursuant to the Fourth Amendment, applicable to the states through the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

34.  Defendants' acts were the direct and proximate cause of injury to Plaintiff.

35.  They were intentional and done in knowing violation of Plaintiff's legal and constitutional rights, without good faith, and with reckless disregard and/or callous indifference to Plaintiff's civil rights.

36.  Defendants' conduct interfered with Plaintiff's ability to assert his rights pursuant to the Fourth Amendment of the United States Constitution.

37.  Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

38.  Defendants' willful conduct caused Plaintiff to hire and become obligated to pay an attorney to defend his respective rights.

39.  Plaintiff requests relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF**
**Illegal Search/Seizure Of Property - VEHICLE**
**(42 U.S.C. § 1983)**
**(U.S. Constitution - 4th Amend./14th Amend.)**
**(By Plaintiff Against All Defendants)**

40.  Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

41.  Officer Gregorio acted or purported to act in the performance of his official duties as an employee of, and under the official policy or custom of, the Seattle Police Department.

42.  Officer Larned acted or purported to act in the performance of his official duties as an employee of, and under the official policy or custom of, the Seattle Police Department.

43.  Law enforcement personnel John Does 1 through 10 acted or purported to act in the performance of their official duties as employees of, and under the official policy or custom of, their respective law enforcement agency.

44.  Mr. Wright had a right to be free from an unreasonable search and seizure of his property.

45.  Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 seized Mr. Wright's vehicle and its contents.

46.  Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 placed Mr. Wright into custody and took possession and/or control of Mr. Wright's vehicle. Defendants took possession of its contents in a manner that meaningfully interfered with Mr. Wright's right to possess his property.

47.  Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 seized Mr. Wright's vehicle without a warrant authorizing the seizure. No written order, signed by a judge, existed to permit the law enforcement officers to seize Mr. Wright's vehicle or its contents.

48. Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 lacked legal justification to hold and search Mr. Wright's vehicle.

49.  The acts of Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 holding and searching Mr. Wright's vehicle, without authority or legal justification, deprived Mr. Wright of his right to property.

50.  In seizing Mr. Wright's vehicle and its contents, Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 acted intentionally and/or with deliberate indifference to Mr. Wright's rights.

51.  The seizure of Mr. Wright's property was unreasonable.

52.  Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 deprived Mr. Wright of his property without due process of law.

53.  At all times relevant hereto, the rights held by Mr. Wright to be free from unreasonable seizure of his property were clearly established. Defendants' actions give rise to Plaintiff's claims pursuant to the Fourth Amendment, applicable to the states through the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

54.  Upon information and belief, the Seattle Police Department has expressly adopted an official policy or has a longstanding practice or custom regarding traffic stops, vehicle impounds, narcotics investigations, and seizures of property.

55.  The acts of Defendants Officer Gregorio, Officer Larned and law enforcement personnel Does 1 through 10 resulted in Mr. Wright's injury, including pecuniary and nonpecuniary damages and attorney fees and costs, in amounts to be determined at trial.

56. Defendants' willful conduct caused Plaintiff to hire and become obligated to pay an attorney to defend his respective rights.

57. Plaintiff requests relief as hereinafter provided.

## THIRD CLAIM FOR RELIEF
### Denial of Equal Protection of the Laws - Racial Profiling
### (42 U.S.C. § 1983)
### (U.S. Constitution)
### (By Plaintiff Against All Defendants)

58.  Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

59.  Defendants, acting under color of law and in concert with one another, engaged in intentional race discrimination. In so doing, Defendants have caused Mr. Wright to suffer deprivations of his fundamental rights to liberty and to be free from unlawful searches and seizures on account of his race. These actions violated Plaintiff's rights to equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States.

60.  Upon information and belief, and after a reasonable opportunity for discovery, the plaintiff Mr. Roger Sinclair Wright will establish that the defendants stopped, investigated, searched, arrested, and detained/imprisoned plaintiff without reasonable articulable suspicion or probable cause based solely on the Mr. Wright's perceived race and national origin, and no other legitimate fact or circumstances which would have otherwise justified their actions.

61.  Defendants' unreasonable search and seizure of Mr. Wright and his property was motivated by his perceived race, ethnicity and/or national origin and thus denied Plaintiff his

substantive right to equal protection under the laws, including to be free of search, seizure, arrest and detention/imprisonment without reasonable suspicion or probable cause.

62.  At all relevant times, these Defendants had a duty to not violate the civil rights of Mr. Wright.

63.  The acts of the defendants caused injury to Mr. Wright. They were intentional and done in knowing violation of the legal and constitutional rights of Mr. Roger Sinclair Wright, without good faith, and with reckless disregard and/or callous indifference to his civil rights.

64.  Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

65.  Defendants' willful conduct caused Plaintiff to hire and become obligated to pay an attorney to defend his respective rights.

66.  Plaintiff requests relief as hereinafter provided.

## FOURTH CLAIM FOR RELIEF
### Declaratory Relief

67. Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

68. There is a real and actual controversy between plaintiffs and defendants regarding whether defendants may undertake to act as described herein. Plaintiff contends that defendants violated the United States and Washington Constitutions and the laws of the United States and of Washington. On information and belief, defendants deny that their conduct violated the United States and Washington Constitutions and the laws of the United States and of Washington. Plaintiff fears that he will again be subjected to such unlawful and unconstitutional actions, and

seeks a judicial declaration that defendants' conduct deprived plaintiffs of their rights under the United States and Washington Constitutions and the laws of the United States and Washington.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that the Court, as to all the defendants and each of them jointly and severally:

1. Issue a declaratory judgment that defendants' conduct as complained herein was a violation of plaintiff's rights under the United States and Washington Constitutions and the laws of the United States and Washington;

2. Issue an injunction (a) prohibiting defendants from engaging in vehicular stops or searches based on race or ethnicity; (b) ordering defendants to establish effective preventative mechanisms to ensure that discriminatory traffic stops and vehicular searches do not continue in the future, including, but not limited to the following:

      (i) to cease and desist from all pretextual stops;

      (ii) to cease and desist from all searches without probable cause of criminal activity;

      (iii) to collect and maintain comprehensive records of all traffic stops in the City of Seattle, including those stops that do not result in the issuance of a citation; and

      (iv) to establish a procedure to enable each person involved in a traffic stop the right to file a grievance to contest illegal acts and acts motivated by bias

3. Award compensatory and general damages against defendants and each of them, for all damages sustained by plaintiff as a result of Defendants' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

4. Award exemplary and punitive damages against all defendants in an amount commensurate with each Defendant's ability to pay and to deter future conduct;

5. An award for costs and attorneys' fees incurred in pursuing this action, as provided in 42 U.S.C. §1988, and to the extent allowable by applicable law;

6. Pre-judgment and post-judgment interest, as provided by law; and

7. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: April 21, 2014                     LAW OFFICE OF ERNEST SAADIQ MORRIS

By:/s/ Ernest Saadiq Morris
Ernest Saadiq Morris
WSBA No. 32201
P.O. Box 45637
Seattle, Washington  98145-0637
Tele: (888) 938-7770 - extension 1
Fax:  (888) 938-7770 (direct dial)

ATTORNEYS FOR PLAINTIFF